```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
BRIAN FRANKENBERGER,

                    Plaintiff,            11-CV-6588
        v.                                **DECISION AND ORDER**

FIRTH RIXSON INCORPORATED

                    Defendant,
_____
```

## INTRODUCTION

Plaintiff, Brian Frankenberger ("Plaintiff") brings this action pursuant to the Americans with Disabilities Act and New York State Law, alleging discrimination against his former employer, Firth Rixson Incorporated ("Defendant"). (Docket No. 1.) Plaintiff filed the complaint on December 1, 2011, but failed to timely serve the Defendant within 120 days of filing the complaint, as required by Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)"). More than one year after filing the complaint, Plaintiff requested an extension of time to serve the Defendant, which this Court granted on the condition that when the Defendant was served and appeared in this case it would have the opportunity to contest the late service of process. (Docket Nos. 5, 8.) Defendant now moves to dismiss the complaint based on insufficient service of process. (Docket No. 10.) Plaintiff opposes the motion. For the reasons discussed herein, Defendant's motion to dismiss is granted.

## BACKGROUND

On May 9, 2011, Plaintiff filed a discrimination complaint with the New York State Division of Human Rights ("NYSDHR") and the Equal Employment Opportunity Commission ("EEOC"). (Woodworth Dec. ¶ 3.) After an investigation by the NYSDHR, on September 29, 2011, the EEOC issued Plaintiff a notice of his right to file a lawsuit within 90 days. (Woodworth Dec. ¶¶ 5-7.) Plaintiff thereafter filed the instant lawsuit on December 1, 2011.

Pursuant to Rule 4(m) Plaintiff had until March 30, 2012 to serve the Defendant with a summons and a copy of the complaint. Plaintiff's counsel contends that they believed "in good faith - based on their records" that the Defendant had been served by the process server. (Woodworth Dec. ¶ 16.) However, these records have not been provided to the Court.

Plaintiff's counsel did not discover that service was not properly effectuated until October 28, 2012, eleven months after Plaintiff filed the complaint. The process server avers in his affidavit that he was informed by Plaintiff's counsel at that time that the documents had been transmitted to his company for service, but he has no record of the transmission. (Woodworth Dec., Exhibit K ¶ 7). Plaintiff's counsel has not provided an explanation for the lengthy delay in its discovery that the Defendant was not properly served, other than that counsel "believed in good faith" that service had been effectuated.

Plaintiff then filed a motion for an extension of time to serve process on December 12, 2012, more than a month after the discovery that the Defendant had not been properly served, and more than a year after the complaint had been filed. Plaintiff has not provided an explanation for the additional delay in seeking an extension of time to serve process on the Defendant.

## **DISCUSSION**

Rule 4(m) states, "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "Good cause or excusable neglect is generally found only in exceptional circumstances where plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control." See McKibben v. Credit Lyonnais, 1999 W.L. 604883, *3 (S.D.N.Y. 1999).

In this case, Plaintiff has not shown good cause for his failure to timely serve the Defendant. Plaintiff has also not shown good cause (or any cause) for the lengthy delay in discovering that the process server had not served the complaint (nearly eleven months) or the delay in filing a motion to serve late process (more than one month). Plaintiff's counsel's only

explanation is that they believed "based on their records" that the process server had served the summons and complaint. Plaintiff's counsel does not state what records led them to this belief and they have not provided any such records to the Court. Further, "[i]t is trial counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served." McKibben, 1999 W.L. 604883 at *4 (citing Cox v. Sandia Corp., 941 F.2d 1124, 1125 (10th Cir.1991); Kleeman v. Rheingold, 598 N.Y.S.2d 149 (1993)). Plaintiff did not take any steps to ensure the process server had served the summons and complaint.

Plaintiff offers no explanation for his failure to follow up with the activity of the process server for eleven months or his failure to diligently monitor the activity in this case, which would have led to the discovery, far sooner than eleven months, that process had not been served. See Naglieri v. Valley Stream Cent. High School Dist., 2006 WL 1582144, *4 (E.D.N.Y. 2006). ("[C]ourts have refused to find justifiable excuse when the plaintiff's neglect and inadvertence are unaccompanied by a diligent effort to identify and remedy the service defect quickly."). The fact that Plaintiff's claims will effectively be time barred does not alter the Court's analysis. Id. (Citing Frasca v. Untied States, 921 F.2d 450, 453 (2d. Cir.1990).

Based on Plaintiff's lack of diligence in monitoring this case and correcting the insufficient service of process, the Court finds that an extension of time to serve the Defendant is not warranted. See <u>Zapata v. City of New York</u>, 502 F.3d 192, 197-8 (2d Cir. 2007)("As we have held, a district court may grant an extension in the absence of good cause, but it is not required to do so. Moreover...before we will even consider vacating a Rule 4(m) dismissal for abuse of discretion, the plaintiff must ordinarily advance some colorable excuse for neglect."). Accordingly, Plaintiff's request for an extension of time to serve the Defendant is denied and the Defendant's motion to dismiss this case for insufficient service of process is granted.

## CONCLUSION

For the reasons set forth herein, the Court denies Plaintiff's request for an extension of time to serve process. Defendant's motion to dismiss is granted.

**ALL OF THE ABOVE IS SO ORDERED.**

    S/ MICHAEL A. TELESCA
HON. MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
June 10, 2013